# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LOWVELL MOORE** | * | **CIVIL ACTION NO. 04-2263** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JO ANNE B. BARNHART** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff, Lowell Moore ("Moore"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits for the period between August 10, 2001, through September 16, 2003. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice.**

Introduction

Moore applied for SSI benefits due to an alleged nerve disorder, an enlarged heart, shortness of breath, back pain, poor vision, and high blood pressure. Moore was 53 years old at the time of her hearing. She has a tenth-grade education and past work experience as a child monitor, housekeeper, farm worker, and nurses' assistant. She claimed a disability onset date of August 10, 2001. Administrative Law Judge ("ALJ") Charles R. Lindsay denied Moore's claim (Tr. 25) on September 16, 2003, finding no objective medical evidence of orthopedic impairments and that Moore's psychological impairments did not affect her residual functional capacity ("RFC"). Moore appealed the ALJ's decision, and the Appeals Council found no basis for review. Specifically, the Appeals Council rejected Moore's new evidence as immaterial because it did not relate to the time

period between the alleged onset date, August 10, 2001, and the ALJ's decision, September 16, 2003. (Tr. 5).

Moore has now filed this judicial appeal claiming that the Appeals Council erred when it determined that her new evidence was not material. Moore claims that her new medical evaluations, although obtained at least two months after the ALJ's decision and performed by a non-state agency physician, require remand because the "state agency obviously thought an orthopedic consult was indicated given [Moore's] symptoms since it tried twice to schedule these examinations." Pl.'s Brief, p.9. The new evidence is material, Moore insists, because it "confirmed progressive arthritic changes that corroborated Ms. Moore's reported pain and associated limitations that did not simply appear overnight." *Id.*

New Medical Evidence

While nearly all of Moore's new evidence deals with a thyroidectomy performed on February 10, 2004 -- an ill that Moore did not assert as a basis for SSI benefits -- three examinations reveal the following about Moore's back and knee pain.[1]

On November 19, 2003, Moore was examined at E.A. Conway Orthopedic Clinic for complaints of back and knee pain. Pl.'s Br. Ex. A, p.80. In both knees, the examination revealed bilateral narrowing of the medial compartment and hypertrophic changes in the articular margins. *Id.* In her lumbar spine, the examination indicated grade one spondylolisthesis[2] of L4 and L5

---

[1] Although all three examinations indicate x-ray findings were used during exam, each physician noted that x-rays where not ordered or sent for. Additionally, throughout the entire hearing and appeal process, and even now, Moore has failed to submit any x-rays. The Court is at a loss as to where, when, and who created the referenced x-rays, and it believes, perhaps, that the Appeals Council correctly considered this deficiency when it found the new evidence immaterial.

[2] Spondylolisthesis is any forward slipping of one vertebra on the one below it. *Taber's Cyclopedic Medical Dictionary*, 1948 (Donald Venes ed., Davis F. A. 2005) (1940).

2

anterior osteophytes at each level, and disk space narrowing at L5-S1 and posterior osteophytes L4-5, L5-S1. *Id.* Although Moore could move all her extremities, the examining physician diagnosed Moore with having bilateral knee pain, lower back pain, and osteoarthritis. *Id.*

On February 18, 2004, Moore was examined again at E.A. Conway Orthopedic Clinic. Pl.'s Br. Ex. A, p.77. This examination confirmed the earlier diagnosis of lower back pain, bilateral knee pain, and osteoarthritis. *Id.* The examining physician, noting that Moore had generalized tenderness and swelling in both knees, recommended that Moore schedule an appointment to get fitted for sole wedges in her shoes. *Id.*

Moore's last examination for back and knee pain occurred at the E.A. Conway Orthopedic Clinic on May 12, 2004. Pl.' Br. Ex. A, p. 72. The examination revealed osteoarthritic degenerative changes in Moore's knees and oesteoarthritis in her lumbar spine. *Id.* Again, the physician noted that Moore was capable of moving all her extremities. *Id.*

Standard of Review; Substantial Evidence

This Court will uphold an ALJ's determination that a claimant is not disabled if the findings of fact upon which it is based are supported by substantial evidence, and if it was derived from a proper application of relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Consideration of New Evidence

The precise issue raised by Moore's appeal is whether the Commissioner, specifically the Appeals Council, should have reviewed the ALJ's denial of SSI benefits based on Moore's new evidence of back and knee impairments. The Social Security Act provides the Commissioner with the authority to review an ALJ's disability determination. 42 U.S.C. § 421(c)(2). Through the Appeals Council, the Commissioner will review an ALJ's disability determination if there appears to be an abuse of discretion, an error of law, a finding not supported by substantial evidence, or an issue of significant general public interest.. *See* 20 C.F.R. § 404.970(a). In each circumstance, however, the Appeals Council will only consider new evidence if it is "material" and "relates to the period on or before the date of the administrative law judge hearing decision." *Id.* at (b).

The United States Court of Appeals for the Fifth Circuit has repeatedly defined "material" in the context of 42 U.S.C. § 405(g), a statute addressing the scope of review for evidence that claimants present for the first time at district court review.[3] Although the general standard under § 405(g) understandably requires claimants to demonstrate good cause for failing to provide new evidence at the ALJ hearing or Appeals Council review[4], there is nothing to indicate that "material,"

---

[3] Section 405(g) provides that a district court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

[4] The Commissioner mistakenly assumes that Moore must demonstrate good cause, pursuant to § 405(g), for failing to present new evidence at the ALJ hearing. Section 405(g), governing judicial review of the Commissioner's final decisions on social security benefits, sets forth the standard of review for ALJ and the Appeals Council decisions. *See* 42 U.S.C. § 405(g); The Fifth Circuit recently held that because the Commissioner's final decision includes both the ALJ and Appeals Council decisions a district court must consider all evidence presented at those stages. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Based on this holding and a plain reading of § 405(g), "new evidence" means evidence not part of the Commissioner's final decision and presented to the district court for the first time. Moore first submitted her new medical records to the Appeals Council during its review of the ALJ decision; therefore, the evidence is not "new" § 405(g), and no showing of good cause is required.

as used in that statute, has a different meaning under 20 C.F.R. § 404.970(b). Accordingly, new and material evidence is that which (1) does not concern a later-acquired disability or a subsequent deterioration of a previously non-disabling condition, *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985), and (2) creates a reasonable probability that it would change the outcome of the Commissioner's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

Even assuming that Moore's new evidence of degenerative osteoarthritis would have changed the outcome of the Commissioner's decision, an assumption of considerable doubt given the ALJ's RFC determination, none of the records Moore has submitted are material according to 20 C.F.R. § 404.970(b). The earliest evaluation indicating Moore suffered from osteoarthritis and spondylolisthesis occurred over two months after the ALJ's decision on September 16, 2003. Neither that evaluation, nor two later ones, indicated, to the extent necessary to overturn the Appeals Council's decision, that Moore's impairments existed and were disabling prior to the ALJ's decision. Without presenting any objective medical evidence at the ALJ hearing regarding her knee and back pain, the Court cannot find that the new evidence "does not concern a later-acquired disability or a subsequent deterioration of a previously non-disabling condition."

In response to the immateriality of her medical evaluations, Moore repeatedly states, in an attempt to imply that her impairments existed prior to the ALJ's decision, that "degenerative changes do not occur over night." Moore is indeed correct in this assertion; however, the first medical evidence of her impairments was not obtained "over night." Rather, the medical evaluations showing signs of osteoarthritis are dated roughly two, five, and eight months after the ALJ's decision. Admittedly, two months is a relatively short period of time in which an impairment suddenly becomes disabling, but the complete lack of prior medical evidence of Moore's impairments makes

it impossible to make a meaningful comparison of Moore's pre- and post-hearing condition. While Moore's new evidence may provide support for a claim that she is presently disabled, it does not support a claim that she was disabled at the time of the ALJ hearing. Therefore, while she is free to file a new application for SSI benefits, the evidence does not support her appeal in this case.

**For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED with Prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of September, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE